IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDELL GLEN LAWS, § | | |
| TDCJ-CID #125902, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-2083 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Pending before this court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Randell Glen Laws, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID). After reviewing the pleadings and available state court records, the court will dismiss Laws' habeas petition because he has failed to exhaust state court remedies as required by § 2254.

**I.   Claims and Procedural History**

Laws is serving a ninety-nine year sentence pursuant to a 2004 murder conviction. See Petition, Docket Entry No. 1, at 1. In his federal habeas petition he argues that he was subjected to an illegal arrest and was denied a speedy trial in violation of federal and constitutional law.

In 2002 Laws was arrested and extradited to Texas where he was charged with a 1987 murder. See Laws v. 179th District Court of Harris County, Texas, No. H-04-1168 (S.D. Tex. Dec. 20, 2004) (pretrial habeas petition, dismissed for failure to exhaust state remedies). After he was convicted Laws filed a direct appeal in which he argued that the evidence was legally and factually insufficient to support his conviction. The Court of Appeals for the First District of Texas affirmed the trial court's judgment and held that the evidence was legally sufficient to corroborate the accomplice's testimony and that the evidence was legally and factually sufficient to establish Laws' guilt as the primary actor. Laws v. State, No. 01-04-00847-CR, 2006 WL 241313 (Tex. App. -- Houston [1st Dist.], Feb. 2, 2006). On June 28, 2006, a petition for discretionary review (PDR) was stricken for non-compliance by the Texas Court of Criminal Appeals. Id.; see also Texas Judiciary Online Website, http://www.courts.state.tx.us/. No subsequent habeas challenges or any other actions have been decided or disposed of by the Court of Criminal Appeals.

## II. Analysis

Under 28 U.S.C. § 2254 a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). To exhaust his state remedies the petitioner must fairly

present the substance of his claims to the state courts, and the state's highest criminal court must have an opportunity to review the merits of the claims.  Id. citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).  In Texas a petitioner satisfies this requirement by properly filing a PDR with the Texas Court of Criminal Appeals or, in a post-conviction matter, by filing a state application for a writ of habeas corpus in state district court under TEX. CODE CRIM. PRO. art. 11.07, which forwards the application to the Court of Criminal Appeals.  See Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).  The fact that an appeal has "been through" the state court system is not enough to satisfy the exhaustion requirement; the highest court must have a reasonable opportunity to consider the merits of the claims presented in a federal habeas petition.  Picard, 92 S.Ct. at 512.

Laws only challenged the sufficiency of the evidence on direct appeal.  His subsequent PDR was rejected for non-compliance.  Consequently, any argument raised in the PDR remains unexhausted and cannot be considered by this court.  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Bautista v. McCotter, 793 F.2d 109, 111 n.2 (5th Cir. 1986).  See also Barrientes v. Johnson, 221 F.3d 741, 779 (5th Cir. 2000), citing Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).  No post-conviction challenge was ever filed in the state courts.  Moreover, the claims presented in this

present federal action (illegal arrest and denial of speedy trial) were never presented on appeal. Therefore, the exhaustion requirement would not have been met even if the Court of Criminal Appeals had ruled on the PDR's merits. Nobles, 127 F.3d at 420. Laws may satisfy the exhaustion requirement by properly submitting a state habeas application under TEX. CODE CRIM. PRO. art. 11.07. Richardson, 762 F.2d at 432. Laws may file another habeas petition in federal court after he has satisfied the exhaustion requirement; however, the court advises Laws that he is subject to a one-year statute of limitations pursuant to 28 U.S.C. § 2244(d).

A district court is authorized to dismiss a federal habeas petition that reveals either on its face or when considered with material of which the court may and does properly take judicial notice that the requirement of exhaustion of state remedies has not been satisfied. Resendez v. McKaskle, 722 F.2d 227 (5th Cir. 1984). Accordingly, this action will be dismissed without prejudice for the failure of the petitioner to present his claims to the Texas Court of Criminal Appeals as required by 28 U.S.C. § 2254.

Should Laws file a notice of appeal, the court **DENIES** the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

## III.  Conclusion

The court **ORDERS** the following:

1. Laws' Petition for a Writ of Habeas Corpus-Ground-Pretrial, Constitutional Rights Violations (Docket Entry No. 1) is **DISMISSED without prejudice** for failure to exhaust state court remedies.

2. A Certificate of Appealability is **DENIED**.

3. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and will provide a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 22nd day of August, 2006.

                                    _____
                                              SIM LAKE
                                    UNITED STATES DISTRICT JUDGE